IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 23-CR-00018-GKF |
| MEGUAL RAY CRITTENDEN, | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the court on the Motion *in Limine* Excluding Prior Convictions for Impeachment Purposes [Doc. 32] of defendant Megual Ray Crittenden. For the reasons set forth below, the motion is denied in part and moot in part.

**I.    Background and Procedural History**

Mr. Crittenden is charged in the Superseding Indictment with one count of Kidnapping in Indian Country pursuant to 18 U.S.C. §§ 1151, 1153, and 1201(a)(2), one count of Carjacking pursuant to 18 U.S.C. § 2119(1), one count of Assault With a Dangerous Weapon With Intent To Do Bodily Harm in Indian Country pursuant to 18 U.S.C. §§ 1151, 1153, and 113(a)(3), and one count of Witness Tampering By Corrupt Persuasion pursuant to 18 U.S.C. §§ 1512(b)(1).[1] [Doc. 36]. This matter is set for trial beginning on April 24, 2023. [Doc. 13].

In advance of trial, Mr. Crittenden filed a motion *in limine* seeking to exclude evidence of his prior convictions for impeachment purposes. [Doc. 32]. In the motion, Mr. Crittenden did not identify the specific convictions he seeks to exclude, but generally referred to prior convictions for firearm offenses, larceny, burglary, and possession of a controlled substance. [*Id.*]. In response, the government

---

[1] The Superseding Indictment also included as Count Four one count of Cyberstalking pursuant to 18 U.S.C. § 2261A(2). [Doc. 36]. On April 5, 2023, Mr. Crittenden plead guilty to Count Four only. *See* [Doc. 43 to Doc. 46].

states that it intends to impeach Mr. Crittenden with the following prior felony convictions during the trial of this matter:

| Case No. | Charge | Date of Conviction | Date of Release from Confinement |
|---|---|---|---|
| Tulsa County Case No. CF-2017-1978 | Possession of a Firearm After Former Conviction of a Felony | June 18, 2018 | May 19, 2020 |
| Tulsa County Case No. CF-2017-1978 | Unlawful Possession of a Controlled Drugs | June 18, 2018 | September 16, 2019 |
| Tulsa County Case No. CF-2016-5286 | Unlawful Possession of a Controlled Drug – Second Offense | June 18, 2018 | September 16, 2019 |
| Tulsa County Case No. CF-2016-5286 | Unlawful Possession of a Controlled Drug – Second Offense | June 18, 2018 | September 16, 2019 |
| Tulsa County Case No. CF-2016-4177 | Possession of a Firearm After Former Conviction of a Felony | June 18, 2018 | May 19, 2020 |
| Tulsa County Case No. CF-2016-4177 | Eluding a Police Officer | June 18, 2018 | May 19, 2020 |
| Tulsa County Case No. CF-2016-4177 | Unlawful Possession of a Controlled Drug | June 18, 2018 | September 16, 2019 |
| Rogers County Case No. CF-2011-576 | Possession of a Controlled Dangerous Substance | August 18, 2014 | June 6, 2016 |
| Tulsa County Case No. CF-2012-751 | Unlawful Possession of a Controlled Drug – Methamphetamine After Former Conviction | May 7, 2012 | October 4, 2016 |
| Tulsa County Case No. CF-2012-63 | Possession of Controlled Drug Schedule I | May 7, 2012 | October 5, 2016 |
| Tulsa County Case No. CF-2011-4894 | Possession of Controlled Drug in Presence of a Minor | May 7, 2012 | April 22, 2016 |
| Tulsa County Case No. CF-2011-2405 | Unlawful Possession of Controlled Drug After Former Conviction | May 7, 2012 | March 22, 2016 |
| Tulsa County Case No. CF-2009-1817R | Possession of a Firearm While Under Supervision of Department of Corrections | May 7, 2012 | November 2, 2013 |

[Doc. 52]. The government states that it does not intend to introduce evidence of Mr. Crittenden's prior convictions for larceny, burglary, or unauthorized use of a stolen vehicle.[2] [*Id.* at pp. 5-6].

## II.    Standard

Federal Rule of Evidence 609 provides, in relevant part, as follows:

(a) **In General**.  The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
>> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>>
>> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant.
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement.

Fed. R. Evid. 609(a). Evidence admitted pursuant to Fed. R. Evid. 609(a)(1) is subject to the Rule 403 balancing test, whereas evidence admitted pursuant to Fed. R. Evid. 609(a)(2) is not. *See Burke v. Regalado*, 935 F.3d 960, 1018-19 (10th Cir. 2019); *see also Mattiaccio v. DHA Grp., Inc.*, No. 12-1249-CKK, 2019 WL 6498865, at *12 (D.D.C. Dec. 3, 2019) ("Evidence of a conviction admissible under Rule 609(a)(1) is subject to Rule 403, while evidence admissible under Rule 609(a)(2) is not."). The government does not contend that Mr. Crittenden's prior convictions are admissible pursuant to Rule 609(a)(2). *See* [Doc. 52]. Thus, the court considers the admissibility of the convictions pursuant only to Rule 609(a)(1)—that is, whether the probative value of the evidence outweighs its prejudicial

---

[2] For this reason, Mr. Crittenden's motion is moot insofar as it seeks to exclude evidence of those convictions.

effect to the defendant.

To make the determination, the Tenth Circuit has identified five factors for the court's consideration: "(1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial." *United States v. Smalls,* 752 F.3d 1227, 1240 (10th Cir. 2014) (quoting 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 609.05[3][a] (Joseph A. McLaughlin, ed., Matthew Bender, 2d ed. 2013)). Although the Tenth Circuit has not resolved the issue, district courts in this Circuit have held that the burden is on the government to establish the admissibility of the prior convictions. *See United States v. Phillips,* 487 F. Supp. 3d 1126, 1129 (D.N.M. 2020) (collecting cases); *United States v. Grove*, 844 F. Supp. 1495, 1496 (D. Utah 1994).

**III.   Analysis**

As set forth above, the government intends to impeach Mr. Crittenden with thirteen separate prior felony convictions. The convictions may be fairly categorized as falling into three separate categories: (1) possession of firearm offenses; (2) possession of controlled substances offenses; and (3) eluding a police officer.

Looking first to the impeachment value of the prior convictions, the Tenth Circuit has recognized that "[t]he implicit assumption of Rule 609 is that prior felony convictions have probative value." *United States v. Howell*, 285 F.3d 1263, 1268 (10th Cir. 2002) (quoting *United States v. Burston*, 159 F.3d 1328, 1335 (11th Cir. 1998)). Further, courts have specifically recognized that "offenses involving controlled substances can be valuable for impeachment purposes." *United States v. White,* 312 F. Supp. 3d 355, 359 (E.D.N.Y. 2018) (collecting cases). And eluding a police officer suggests dishonesty. *See United States v. Harper*, No. 22-CR-170-JFH, 2023 WL 396099, at *2 (N.D. Okla. Jan. 25, 2023) (attempted escape from arrest or detention conviction "particularly illustrates

dishonesty"). Moreover, the prior convictions are not for a crime of violence, which "generally have lower probative value in weighing credibility." *United States v. Ahaisse*, No. 20-CR-0106-CVE, 2021 WL 2290574, at *2 (N.D. Okla. June 4, 2021) (quoting *United States v. Jessamy*, 464 F. Supp. 3d 671, 676 (M.D. Pa. 2020)).

However, as recognized by other district courts in this Circuit, convictions for felon in possession of a firearm do not have the impeachment value of a crime involving dishonesty. *See United States v. Phillips,* 487 F. Supp. 3d 1126, 1130 (D.N.M. 2020); *United States v. Barker*, No. 21-CR-175-JFH, 2023 WL 2663241, at *4 (E.D. Okla. Mar. 28, 2023). Thus, the prior convictions have some impeachment value, the weight of which is best determined by the jury. For these reasons, the first factor weighs in favor of admission, although only slightly with respect to the firearm convictions.

Second, the court must consider the date of Mr. Crittenden's prior convictions and his subsequent history. First, the convictions are less than ten years old such that Rule 609(b) does not apply.[3] However, even when a conviction has "occurred within the ten year time frame, 'the passage of a shorter period can still reduce [a prior conviction's] probative value.'" *Ahaisee,* 2021 WL 2290574, at *2.

> [A] prior conviction may have less probative value where the defendant-witness has maintained a spotless record since the earlier conviction or where the prior conviction was a mere youthful indiscretion. Conversely, the probative value of an older conviction may remain undiminished if the defendant was recently released from confinement or has multiple intervening convictions, both of which could suggest his character has not improved.

*Ahaisee,* 2021 WL 2290574, at *2 (quoting *Caldwell*, 760 F.3d at 287). Mr. Crittenden's criminal

---

[3] Subsection 609(b) applies "if more than 10 years have passed since the witness's conviction *or release from confinement for it, whichever is later*." Fed. R. Evid. 609(b) (emphasis added). "Convictions more than ten years old are presumptively excluded." *Ahaisse*, 2021 WL 2290574, at *2 (quoting *United States v. Caldwell*, 760 F.3d 267, 287 (3d Cir. 2014)). Here, Mr. Crittenden was released from confinement within ten years as to each conviction that the government intends to admit. Thus, Rule 609(b) does not apply and the convictions are not presumptively excluded.

history represents periods of incarceration and release from confinement quickly followed by additional charges and, ultimately, convictions. Specifically, Mr. Crittenden was imprisoned on several convictions, all running concurrently, from August of 2012 to mid-2016. Upon release, Mr. Crittenden was charged in August of 2016 in Tulsa County Case No. CF-2016-4177, then in September of 2016 in Tulsa County Case No. CF-2016-586, and, finally, in March of 2017 in Tulsa County Case No. 2017-1978. Mr. Crittenden was convicted in those cases and sentenced to terms of imprisonment, to run concurrently, that began in July of 2018. Accordingly, the probative value of Mr. Crittenden's older convictions has not been significantly diminished by the passage of time as Mr. Crittenden's lengthy criminal history suggests that "his character has not improved." *Ahaisee,* 2021 WL 2290574, at *2. For these reasons, the second factor weighs in favor of admission.

The court next considers the third factor—the similarity between the past and charged crime. "[P]roof of prior convictions of a defendant for crimes identical or similar to the one for which he is being tried should be carefully scrutinized by the trial court in determining whether the probative value of such evidence outweighs the prejudice to the defendant." *United States v. Seamster*, 568 F.2d 188, 191 (10th Cir. 1978); *see also Ahaisee,* 2021 WL 2290574, at *3 ("The greater the similarity of the charged crime to the past crime, the higher the likelihood that a jury will be tempted to infer criminal propensity, rather than use the information for its intended purpose—impeachment of credibility."). There are no allegations in this case that Mr. Crittenden possessed a firearm or controlled substance. In fact, Mr. Crittenden concedes that these convictions are dissimilar. [Doc. 32, pp. 3-4]. Likewise, Mr. Crittenden is not charged in this matter with eluding a police officer. Accordingly, Mr. Crittenden's prior convictions and the present charges are "sufficiently dissimilar to limit the risk of the jury using the prior convictions as evidence of [defendant's] propensity to commit the charged crimes." *Smalls,* 752 F.3d at 1240. The third factor therefore generally weighs in favor of admission of the firearm and controlled substance convictions.

Finally, the fourth and fifth factor—importance of the defendant's testimony and centrality of his credibility at trial—weigh in favor of admission of Mr. Crittenden's convictions. If Mr. Crittenden testifies during trial, his credibility is likely to be a central issue. Mr. Crittenden, alleged victim A.H., and Mr. Crittenden's girlfriend, B.B., appear to be the sole witnesses to the events leading up to A.H. exiting his vehicle on Peoria and asserting that he had been kidnapped. That is, it appears that there are few witnesses to the alleged conduct, magnifying the importance of Mr. Crittenden's testimony. Mr. Crittenden's testimony and credibility is also central in connection with Count Five's charge that Mr. Crittenden has attempted to corruptly influence B.B.'s testimony.

Weighing the five factors, the probative value of evidence of Mr. Crittenden's prior firearm and controlled substance convictions, as well as the eluding a police officer conviction, generally outweigh the prejudicial effect to Mr. Crittenden. Based on the foregoing, during trial of this matter, the government may impeach Mr. Crittenden with the thirteen prior convictions included in the government's response to Mr. Crittenden's motion *in limine*. The scope of permissible cross-examination under the rule is limited to "a showing of the essential facts of convictions, the nature of the crimes, and the punishment." *United States v. Commanche,* 577 F.3d 1261, 1270 (10th Cir. 2009) (quoting *United States v. Wolf*, 561 F.2d 1376, 1381 (10th Cir. 1977)). Mr. Crittenden may request a limiting instruction.

Finally, the court notes that the Tenth Circuit has recognized that "[i]n most cases, the admissibility of 609(a)(1) evidence cannot be finally decided in a pretrial hearing," as "a 609(a)(1) ruling . . . necessarily requires a district court to balance the prejudicial effect and probative value of the disputed evidence, a task that can only be performed by reference to the other contextual evidence presented at trial." *Commanche*, 577 F.3d at 1270. Thus, this ruling remains subject to the evidence presented at trial.

## IV. Conclusion

WHEREFORE, the Motion *in Limine* Excluding Prior Convictions for Impeachment Purposes [Doc. 32] of defendant Megual Ray Crittenden is denied in part and moot in part. Cross-examination regarding the convictions shall be confined to "a showing of the essential facts of convictions, the nature of the crimes, and the punishment." *United States v. Commanche,* 577 F.3d 1261, 1270 (10th Cir. 2009).

IT IS SO ORDERED this 17th day of April, 2023.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma